UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

LINCOLN PAPER AND TISSUE, LLC,

Debtor.

Chapter 11
Case No. 15-10715

MOTION FOR EMERGENCY HEARING AND APPROVAL OF SHORTENED
OBJECTION PERIOD WITH RESPECT TO THE DEBTOR'S
BID PROCEDURES MOTION

Lincoln Paper and Tissue, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), hereby moves this Court for entry of an order, pursuant to Rule 9013-1(j) of the Local Rules of this Court (the "Local Rules"), scheduling an emergency hearing (the "Motion for Emergency Hearing"), as well as approving limited notice and a shortened objection period, with respect to the Motion for Order: (A) Approving Bid Procedures for Sale of Some or All Of the Debtor's Assets; (B) Approving Assumption Procedures for Certain Executory Contracts and Unexpired Leases; (C) Approving A Break-Up Fee, Expense Reimbursement and Overbid Protections; and (D) Approving a Form of Notice of Sale (the "Bid Procedures Motion").  In support of this Motion for Emergency Hearing, the Debtor states as follows:

**JURISDICTION, VENUE AND STATUTORY BASIS**

1.     The United States District Court for the District of Maine (the "District Court") has original, but not exclusive, jurisdiction over the Debtor's chapter 11 case pursuant to 28 U.S.C. § 1334(b).  Pursuant to 28 U.S.C. § 157 and Rule 83.6 of the District Court's local rules, the District Court has authority to refer and has referred this proceeding to this Court.

2.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has constitutional authority to enter final judgment in this proceeding.

1

3. Venue for this chapter 11 case is proper in this district pursuant to 28 U.S.C. § 1408, and venue for this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

4. The relief sought herein is requested pursuant to Rule 9013 of the Federal Rules of Bankruptcy Procedure and Local Rule 9013-1(j).

**BACKGROUND**

5. On September 28, 2015 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is authorized to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case (the "Case").

6. A description of the Debtor and its business is set forth in greater detail in the Declaration of Keith Van Scotter in Support of Chapter 11 Petition and Various First Day Motions [D.E. 7] (the "Van Scotter Declaration"), filed on the Petition Date and incorporated herein by reference.

7. On the Petition Date, the Debtor filed that certain motion (the "Borrowing Motion") seeking to borrow certain amounts from the Debtor's prepetition lender, Siena Lending Group LLC ("Siena"), under certain loan documents entered into with Siena (the "DIP Credit Agreement"). As this Court is aware, the DIP Credit Agreement requires the Debtor to satisfy certain milestones relating to a sale of the Debtor's assets. Specifically, the Debtor is required to:

    a. Identify a stalking horse bidder reasonably acceptable to Siena on or before the Petition Date;

    b. File a motion under section 363 of the Bankruptcy Code for approval of a bidding procedures order by October 13, 2015;

2

      c.      Obtain Court approval of proposed bidding procedures, and entry of an order granting such procedures by October 28, 2015;

      d.      Obtain Court approval of a sale order by November 12, 2015; and

      e.      Close the proposed sale by November 27, 2015 (collectively, the "Sale Milestones").

8. In the event the Debtor fails to satisfy any of the Sale Milestones, Siena has the right to hold the Debtor in default of the DIP Credit Agreement and exercise its rights thereunder.

9. While the Debtor is not technically required to have an order approving bid procedures until October 28, 2015, the Debtor believes that it is important to provide the Debtor and its investment banker, SSG Capital Advisors, LLC ("SSG") as much time as possible to market the assets for sale in order to obtain the highest and best offer for the assets. In the event the Bid Procedures Motion is approved on October 9, 2015, the Debtor and SSG will have approximately 31 days to market the assets for sale and to solicit competing bids. In the event the Bid Procedures Motion is not heard on October 9, 2015, the Debtor understands that the next available date for a hearing may not be for approximately 10 days, which would reduce the marketing time to roughly three weeks. As such, the Debtor is requesting the relief sought in the Bid Procedures Motion on an emergency basis.

## RELIEF REQUESTED

10. By this Motion for Emergency Hearing, the Debtor requests that the Court: (a) schedule a hearing on the Bid Procedures Motion for **October 9, 2015 at 11:00 a.m.**; (b) set a shortened objection deadline with respect to the Bid Procedures Motion for the same date and time; and (c) approve service of the Motion for Emergency Hearing and the Bid Procedures Motion in the manner set forth therein.

**BASIS FOR RELIEF**

11.     As set forth in Rule 9013-1(j) of the Local Rules for the United States Bankruptcy Court for the District of Maine (the "Local Rules"), a party may seek to have a motion considered by the Court within forty-eight (48) hours after the motion is filed.  See D. Me. LBR 9013-1(j).  A motion for an emergency hearing must "set forth in detail all facts and circumstances which necessitate an emergency hearing[.]"  D. Me. LBR 9013-1(j)(1).

12.     In the current case, as detailed above, the Debtor is required to satisfy the Sale Milestones so as to avoid an event of default under the DIP Credit Agreement and, additionally, in order to reduce operational shortfalls of the Debtor.  However, in order to satisfy its obligations to its creditors, the Debtor must have adequate time to undertake the steps outlined in the Bid Procedures Motion.  Any delay, therefore, may impede the Debtor's ability to fully maximize the value of its assets.  In the event the Court does not permit emergency relief, a hearing on the Bid Procedures Motion may not occur for approximately 10 additional days, thereby leaving the Debtor and its professionals, as well as potential bidders, with roughly 20 days to undertake sales efforts and accomplish due diligence in order to satisfy the next Sale Milestones.  Emergency relief, therefore, is necessary for the Debtor to satisfy its obligations to its creditors, and, therefore, no party will be unfairly prejudiced by an emergency hearing.

13.     Moreover, the Court has already scheduled a hearing for October 9, 2015 at 11:00 a.m. with respect to the Borrowing Motion.  As such, the Debtor requests that a hearing on the Bid Procedures Motion be scheduled for the same date and time to allow emergency consideration of the relief sought by the Debtor while minimizing cost and inconvenience to interested parties who might already be in attendance on that date.

## NOTICE

14. Notice of the hearing on this Motion for Emergency Hearing was served on the following parties on the date and in the manner set forth in the certificate of service: (a) the U. S. Trustee; (b) the Debtor's secured creditors, or, if applicable, to counsel representing such creditors; (c) counsel for the Stalking Horse, as that term is defined in the Bid Procedures Motion; (d) counsel for the committee appointed pursuant to 11 U.S.C. § 1102(a)(1); (e) the non-insider holders of the twenty largest unsecured claims against the Debtor or, if applicable, to counsel representing such holders; (f) applicable federal and state taxing authorities; and (g) all parties that have filed a notice of appearance or requested notice in the Case.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (a) setting an emergency hearing on the First Day Motions for **October 9, 2015 at 11:00 a.m.** (EST); (b) shortening the objection period on the First Day Motions to the same date and time; (c) approving the notice procedures set forth herein; and (d) granting such other relief as this Court may deem just and proper.

Dated:  October 8, 2015              **LINCOLN PAPER AND TISSUE, LLC**

By its proposed attorneys:

*/s/ Timothy J. McKeon*
D. Sam Anderson
Timothy J. McKeon
BERNSTEIN, SHUR, SAWYER & NELSON, P.A.
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029
Tel: (207) 774-1200

5